U.S. Department of Justice

*CORRESPONDENCE*

Federal Bureau of Prisons

_____

*Designation and Sentence Computation Center*
*Grand Prairie, Texas 75051*

February 4, 2008

The Honorable Susan Oki Mollway
United States District Judge
 for the District of Hawaii
C338 Prince Kuhio Federal Building
300 Ala Moana Boulevard
Honolulu, HI 96850-0001

RE:  TRAN, Thanh Cam
Case No.: 1:02CR00071-001

Dear Judge Mollway:

     On October 7, 2002, Thanh Tran was sentenced in the United
States District Court for the District of Hawaii to a term of 168
months for Knowingly and Intentionally Distributing 50 Grams or
More of Methamphetamine, it's Salts, Isomers, and Salts of its
Isomers.  At the time the federal sentence was imposed, Mr. Tran
was under the primary jurisdiction of Hawaii state authorities
and in federal custody pursuant to a Writ.  The Federal Judgment
and Commitment Order was silent regarding any relationship with
the pending Hawaii state sentence.  Following sentencing, Mr.
Tram was appropriately returned to Hawaii authorities.  The U.S.
District Court Judgment was filed as a detainer by the United
States Marshals Service.  On November 6, 2002, Mr. Tran was
sentenced in the First Circuit Court of Hawaii to ten years
confinement for Promoting Dangerous Drugs in the Third Degree and
Unlawful Use of Drug Paraphernalia.  The state court ordered this
term to run concurrently with his federal sentence.  On July 17,
2003, Mr. Tran was released on parole to the custody of the U.S.
Marshals Service, to commence the service of his federal sentence
as provided by Title 18 U.S.C. § 3585(a).

     Mr. Tran now requests credit toward his federal sentence for
the time which he spent in state custody.  Title 18,
U.S.C. § 3585(b), prohibits the application of this credit.

     However, as a result of the decision in Barden v. Keohane,
921 F.2d 476 (3rd Cir. 1990), the Bureau of Prisons considers an
inmate's request for credit in such a case as a request for a
retroactive (concurrent) designation.

The Bureau of Prisons strives to administer sentences in accordance with federal statutes, Bureau policy and the intent of the Sentencing Court. A retroactive designation is made only after the review of all relevant factors under Title 18 U.S.C. § 3621(b).

It is the preference of the Bureau of Prisons that the federal Sentencing Court be given an opportunity to state its position with respect to a retroactive designation, which, while not binding, can be helpful in our determination to grant or deny the request. Should the designation be granted, the Bureau will commence Mr. Tran's sentence upon imposition, which will result in his release from custody on or about November 17, 2013. Should the Bureau of Prisons deny the request, Mr. Tran will continue to a current projected release date of November 1, 2015. If the Bureau of Prisons makes a decision, based on a review of all relevant 3621(b) factors, which is contrary to the Court's stated position, the Court will be notified accordingly.

Please advise us at your earliest convenience, as to the Court's position on a retroactive designation in this case. Should additional information be necessary, please contact Karen Craighead, Operations Manager, Designation and Sentence Computation Center, at (972) 595-3041.

                    Sincerely,

                    Delbert G. Sauers
                    Chief

jrj
cc:  Kenneth M. Sorenson, AUSA
     Rosanne T. Donohoe, USPO