ORIGINAL

CORRESPONDENCE

Law Offices
**DeAnna S. Dotson**
P.O. Box 700953 - Kapolei, Hawaii 96709-0953
(808) 391-7308

February 16, 2008

Honorable Susan Oki Mollway
United States District Court
U.S. Courthouse
300 Ala Moana Blvd.
Honolulu, HI 96850

RECEIVED
CLERK U.S. DISTRICT COURT
FEB 19 2008
DISTRICT OF HAWAII

Re: United States v. Thanh Kam Tran
CR 02-00071-01 SOM
Request for Retroactive Concurrent Designation

Judge Mollway:

Mr. Tran has requested that the Bureau of Prisons (BOP) make a retroactive concurrent designation and permit credit for the time he served in the Hawaii state facility. This is Mr. Tran's response to the Court's order directing counsel and the government to file a position letter regarding this matter.

On April 27, 2001, Mr. Tran was arrested by Honolulu Police Department and charged with a state drug offense. On November 19, 2001, he pled no contest as charged and sentencing for the state offense was scheduled for November 6, 2002. (PSR ¶ 36)

However, on March 28, 2002, Mr. Tran was obtained from state custody pursuant to a Writ of Habeas Corpus Ad Prosequendum and he appeared in federal district court for his arraignment and plea to the indictment. On May 20, 2002, Mr. Tran pled guilty to the indictment pursuant to a plea agreement with the government. (PSR ¶¶ 2, 4)

On October 7, 2002, Mr. Tran was sentenced to 168 months and the judgment was filed on October 9, 2002. The next day, Mr. Tran was sent back to the state facility. On November 6, 2002, Mr. Tran was sentenced in state court to ten years. The state court ordered this term to run concurrently with his federal sentence.

Honorable Susan Oki Mollway
February 16, 2008
Page 2

On July 17, 2003, Mr. Tran was released on parole to the custody of the U.S. Marshall to commence his federal sentence.

Even though the district court did not indicate whether Mr. Tran's federal sentence should be served concurrently with the not-yet-imposed state sentence, the BOP has the authority pursuant to § 3621(b) to designate the Hawaii state facility as place of confinement for his federal sentence, thus allowing the federal and state sentences to run concurrently. Mr. Tran is requesting that his state sentence run concurrent to his federal sentence and that he receive credit in his federal sentence for the time he was incarcerated in the state facility. This designation would result in a reduction of approximately 24 months off his 168 month federal sentence.

Pursuant to Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), the BOP has discretionary authority under 18 U.S.C. § 3621(b) to make a pro tunc designation of a state facility as place of confinement for the federal sentence so that defendant could gain credit against his federal sentence for the time served in the state facility.

Pursuant to § 3621 (b), "The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
  (1) the resources of the facility contemplated;
  (2) the nature and circumstances of the offense;
  (3) the history and characteristics of the prisoner;
  **(4) any statement by the court that imposed the sentence--**
    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
    (B) recommending a type of penal or correctional facility as appropriate; and
  (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28." 18 U.S.C. § 3621(b)

Even though the district court did not directly indicate whether Mr. Tran's federal sentence would be served concurrently with the not-yet-imposed state sentence, the

Honorable Susan Oki Mollway
February 16, 2008
Page 3

court did make a statement that could be interpreted that his sentence would be concurrent or at the very least, he would receive credit against his federal sentence for the time served in the state facility. During the sentencing hearing and after the court pronounced the sentence, the court made the following statement: "Now, you will get credit for the time that you have been in prison. That will be credited against this 168 months." (10/7/02 TR p14, 15)

The BOP has the authority pursuant to § 3621(b) to designate the Hawaii state facility as place of confinement for his federal sentence, thus allowing the federal and state sentences to run concurrently. Mr. Tran is requesting that his state sentence run concurrent to his federal sentence and that he receive credit in his federal sentence for the time he was incarcerated in the state facility. This designation would result in a reduction of approximately 24 months off his 168 month federal sentence.

Mr. Tran cooperated with the federal authorities immediately after being indicted on the federal charges. Pursuant to his plea agreement, Mr. Tran did receive a downward departure for this cooperation; however that should not mean that he should be denied credit for time spent in the state facility. His cooperation should also benefit him with a recommendation from this Court for concurrent designation by the BOP. Issues which affect a prisoner's term are fundamental issues of liberty. A redesignation of the state prison as a place of federal confinement plainly would affect the absolute term of Mr. Tran's confinement and ultimately his liberty. Under the § 3621(b) and the BOP's regulations, Mr. Tran is entitled to "fair treatment" on his request for the nunc pro tunc designation of the Hawaii state facility as a place of confinement for his federal sentence.

Accordingly, Mr. Tran respectfully requests that this Court recommend retroactive concurrent designation.

Respectfully,

*[signature]*

DeAnna S. Dotson, Esq.
Cc:   Kenneth M. Sorenson
      Rosanne Donohoe